UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSEPH W. STAGER, JR.,

        Plaintiff,

  v.               5:15-CV-01533
                    (GLS/TWD)
NEW BEGINNINGS HOME CARE INC.,

        Defendant.

APPEARANCES

JOSEPH W. STAGER, JR.
Plaintiff pro se
342 Ferndale Avenue
South Daytona, FL 32119

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

### ORDER AND REPORT-RECOMMENDATION

Presently before the Court for review are a pro se complaint and a second application to proceed *in forma pauperis* ("IFP Application") filed by Plaintiff Joseph W. Stager, Jr.[1] (Dkt. Nos. 1 and 6.) Plaintiff has alleged claims against his former employer, Defendant New Beginnings Home Care Inc., for violation the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, as amended; the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. 1320d *et seq.*; and state law claims for wrongful termination of employment and defamation. (*See generally* Dkt. No. 1.) Plaintiff has alleged federal subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(4).

---

[1] The Court filed an Order on December 29, 2015, denying Plaintiff's initial IFP Application as incomplete. (Dkt. No. 4.)

## I. IFP APPLICATION

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's second IFP application, the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's second IFP application (Dkt. No. 2) is granted.

## II. LEGAL STANDARDS FOR INITIAL REVIEW

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a

-2-

responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be

-3-

stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III. PLAINTIFF'S COMPLAINT[2]

Plaintiff was hired as a personal care aide by Defendant in September of 2014. (Dkt. No. 1 at 5[3].) Plaintiff's employment was terminated on November 14, 2014. *Id*. On October 21, 2014, while preparing to travel thirty-four miles to care for a client, Plaintiff realized his car had a flat tire. *Id*. When he called to inform his employer he would be late, he was told by his supervisor that she "didn't care if [he] half killed [himself] but to be there on time." *Id*. She threatened to put him on the inactive list if he was late. *Id*.

On his way, while speeding to make up for lost time, Plaintiff was stopped for traveling seventy-five miles per hour in a fifty-five mile per hour zone. *Id*. Plaintiff was given a sobriety test which he failed, allegedly because of medical conditions. *Id*. When he was frisked, the trooper found prescription medication in a non-prescription container and arrested Plaintiff for driving while his ability was impaired. *Id*. The trooper called Defendant and when told why Plaintiff had been arrested, Defendant made him "inactive." *Id*. at 6.

---

[2] The factual allegations in Plaintiff's complaint are presented in the form of a letter to the Court in violation of Federal Rules of Civil Procedure 8(a) and 10(b).

[3] References to the allegations in Plaintiff's letter to the Court are to the page numbers assigned by the Clerk's CM/ECF system.

-4-

On November 5, 2014, Plaintiff's supervisor presented him with a Suspension of Employment letter to sign. *Id.* His supervisor also asked him for a complete list of the medications he was taking. *Id*. Plaintiff's employment was terminated on November 19, 2014, prior to the time the results of the blood test taken on October 21, 2014, had been disclosed. *Id.*

## IV. ANALYSIS

### A. ADA

Plaintiff has alleged a violation by Defendant of his rights under the ADA. (Dkt. No. 1 at ¶¶ 5-6.) Before an individual may file a complaint in federal court under Title I of the ADA governing employment discrimination claims, he must exhaust his administrative remedies by timely filing a formal complaint with the Equal Employment Opportunity Commission ("EEOC"). *See McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135 (2d Cir. 2007) (Title I of the ADA incorporates the Title VII requirement of exhaustion of administrative remedies). The complaint must be filed within 300 days of the allegedly discriminatory conduct. *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999). Furthermore, a lawsuit under the ADA must be filed within ninety days of a plaintiff's receipt of the EEOC right-to-sue letter. *See* 42 U.S.C. § 12117(a); *Tiberio v. Allergy Asthma Immun. of Roch.*, 664 F.3d 35, 37 (2d Cir. 2011).

Plaintiff's complaint is devoid of allegations showing that he filed an ADA employment discrimination claim against Defendant with the EEOC or received a right-to-sue letter from the EEOC before commencing his lawsuit. Therefore, the Court recommends that Plaintiff's ADA claim be dismissed for failure to state a claim. The Court recommends that the dismissal be without prejudice to

-5-

providing Plaintiff with an opportunity to amend his complaint to show exhaustion of his administrative remedies and a timely filing of his complaint if he is able to do so.

**B. HIPAA**

Plaintiff's letter complaint can be construed as alleging a claim for a violation of his privacy rights under HIPAA. (Dkt. No. 1 at 6.) Court have overwhelmingly concluded that there is no private right of action under HIPAA. *See, e.g., Wilkerson v. Shinseki,* 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009); *Acara v. Banks*, 470 F. 3d 569, 572 (5th Cir. 2006); *Warren Pearl Const. Corp. v. Guardian Life Ins. Co. of Am.,* 639 F.Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases across multiple circuits and district courts). Therefore, the Court recommends that Plaintiff's HIPAA claim against Defendant be dismissed with prejudice.

**C. State Law Claims**

Plaintiff's complaint, liberally construed, alleges state law claims for wrongful termination and defamation. (Dkt. No. 1 at ¶ 6.) A federal court may, in its discretion, exercise supplemental jurisdiction over a state law claim, but only to the extent it is accompanied by a claim over which the court has original jurisdiction. *See* 28 U.S.C. § 1367 ("[E]xcept [in limited circumstances], in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related[.]").

The Court has recommended that Plaintiff's federal claims be dismissed. The Court therefore also recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, without prejudice to the re-filing of the claims in state court, and subject to

reconsideration in the event Plaintiff files an amended complaint showing exhaustion of his administrative remedies under the ADA and timely commencement of this action, and in addition states a plausible claim for discrimination under Title I of the ADA.[4]

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's second IFP application (Dkt. No. 6) is **GRANTED**; and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED** for failure to state a claim; and it is further

**RECOMMENDED** that the dismissal of Plaintiff's claim under HIPAA be with prejudice, and that his claim under Title I of the ADA be dismissed with leave to amend in the event Plaintiff is able to show exhaustion of his administrative remedies and timely filing of his complaint; and it is further

**RECOMMENDED** that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, without prejudice to re-filing of the claims in state court, and subject to reconsideration in the event Plaintiff files an amended complaint showing exhaustion of his administrative remedies under the ADA and timely commencement of this action, and in addition states a plausible claim for discrimination under Title I of the ADA; and it is further

---

[4] Plaintiff has alleged that he resides in the State of Florida and that Defendant is in the State of New York. (Dkt. No. 1 at ¶¶ 2-3.) Therefore, the Court cannot rule out the possibility of diversity jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1332. However, because Plaintiff has failed to include allegations showing that the amount in controversy exceeds $75,000, the Court cannot find subject matter jurisdiction over the state law claims. *See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to be a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.") (citation omitted); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). The Court recommends that Plaintiff be granted leave to amend his complaint to show diversity jurisdiction if he is able to do so.

**RECOMMENDED** that Plaintiff be granted leave to amend his complaint to show the presence of diversity jurisdiction over his state law claims for wrongful termination and defamation in the event he is able to do so; and it is further

**RECOMMENDED** that Plaintiff be directed that in the event he files an amended complaint that the amended complaint provide a short plain statement of the relevant facts, in separately numbered paragraphs consisting of the statement of a single set of circumstances, set forth in chronological order and supporting each claim as required by Federal Rules of Civil Procedure 8(a) and 10(b).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: January 29, 2016
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge